UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/08

---------------------------------------x
                                       :
In re GLOBAL CROSSING, LTD.            :    02 CIV 910 (GEL)
SECURITIES LITIGATION                  :
                                       :
                                       :
---------------------------------------x

## [PROPOSED] CORRECTED ORDER APPROVING LEAD PLAINTIFFS' MOTION TO CONDUCT INITIAL DISTRIBUTION OF THE NET SETTLEMENT FUND

Lead Plaintiff, by motion filed on June 2, 2008, moved this Court for the distribution of the Net Settlement Fund, and the Court, having considered all the materials and arguments submitted in support of such motion, including the Affidavit Of Stephen J. Cirami In Support Of Lead Plaintiffs' Motion For Distribution Of Net Settlement Funds ("Cirami Affidavit"), the Declaration of Michael Barry in Support of Lead Plaintiffs' Motion to Distribute the Net Settlement Fund (the "Barry Declaration"), and the Independent Accountant's Report on the Distribution Procedure, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulations of Settlement of the five partial settlements and all terms used herein shall have the same meanings as set forth in the Stipulations of Settlements.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Lead Plaintiffs' Motion to Distribute the Net Settlement Fund is granted.

4. The Net Settlement Funds shall be distributed to Authorized Claimants, as set forth in Exhibit C in the Cirami Affidavit.

5. Claims filed after January 31, 2008 shall be rejected as untimely.

6. No claim filed before January 31, 2008 shall be rejected as untimely.

7. The claims set forth in Exhibit C in the Cirami Affidavit and designated as "Wholly Ineligible or Rejected Claimants" are rejected.

8. The claimants who have contested the determinations of Garden City Group, Inc. ("Garden City") under the Court-approved Plans of Allocation, whose names are set forth on the list attached as Exhibit B to the Cirami Affidavit, and who have requested this Court's review of the administrative determination rejecting their claims to share in the Settlement, shall be rejected.

9. Payment be made from the Settlement Funds to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow.

10. Garden City be paid the sum of $4,242,395.21 from the Settlement Funds, the balance of its fees and expenses incurred in connection with giving notice to the Class, processing the Proofs of Claim, and distributing the Net Settlement Fund to the Authorized Claimants.

11. A reserve be established in the amount of $550,000 to pay additional administrative expenses associated with distributing the Settlement Funds.

12. The balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the CD-ROM submitted with the Cirami Affidavit at Ex. C in accordance with the Plans of Allocation in proportion to the Recognized Loss allocable to each such Authorized Claimant as shown on such printout.

13. The checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY 180 DAYS FOLLOWING ISSUE." Lead Counsel and Garden City are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

14. If any portion of the Net Settlement Fund remains in the Net Settlement Fund by reason of return mail, uncashed checks or otherwise then the following steps shall be taken starting six months after the initial distribution of the Net Settlement Fund:

(a) The Claims Administrator shall confirm to Lead Counsel that it has made all reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks;

(b) One year after the initial distribution, the Claims Administrator, proportionate to the initial distribution, shall re-distribute the Unclaimed Settlement Cash, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class members who have cashed their checks and who would receive at least $10.00 from such re-distribution;

(c) After six months after such re-distribution, any funds shall remain of the Unclaimed Settlement Cash, GCG shall be directed to liquidate any remaining Settlement Shares and directed to donate all Unclaimed Settlement Cash in equal parts to the following charity: the American Heart Association.

15. The Court finds that the administration of the Settlements and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any

other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

16. The Claims Administrator is hereby authorized to discard paper or hard copies of Proofs of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further.

17. This Court retain jurisdiction over any further application or matter which may arise in connection with this action.

18. Claims submitted after January 31, 2008 may not be accepted for any reason whatsoever.

IT IS SO ORDERED this 16th day of June, 2008.

_____
THE HONORABLE GERARD E. LYNCH
UNITED STATES DISTRICT JUDGE