# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

Jeffrey S. Jacobson
Partner
Tel 212 909 6479
Fax 212 521 7479
jsjacobson@debevoise.com

January 19, 2010

[RECEIVED JAN 19 2010]

ENDORSED ORDER

BY FACSIMILE

The Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17D
New York, NY 10007

*In re Global Crossing Ltd. Securities Litig.*, No. 02 Civ. 910 (S.D.N.Y.)

Dear Judge Dolinger:

Along with Dewey & LeBoeuf LLP, we represent several of the Individual Defendants in the *Global Crossing* matter, which settled in 2004. As the Court will recall, the Settlement exhausted the Individual Defendants' director & officer insurance coverage, but provided for a limited "Claim Reserve" from which the Individual Defendants' legal fees, incurred in connection with certain types of claims, would be paid. The Claim Reserve was meant to remain open until all "Covered Claims" had been resolved, after which remaining funds in the Claim Reserve, which likely are too few to warrant distribution to the plaintiff class, would revert to the charitable beneficiaries provided for in the Settlement Agreement. The Stipulation of Settlement in the case provides that Your Honor has exclusive jurisdiction over all matters pertaining to the Claim Reserve.

Pursuant to a prior order issued by Your Honor, the Claim Reserve period extended to January 1, 2009. In September 2009, the Individual Defendants were advised by one of the settling plaintiffs that their documents and testimony would be required in a related matter that had appeared closed, but which unexpectedly was reopened on appeal. (The action concerned a claim in the Asia Global Crossing bankruptcy by one of the counter-parties to a reciprocal transaction involving both Global Crossing and Asia Global Crossing, the resolution of which required testimony as to the business purpose motivating Global Crossing to have engaged in that transaction.) We promptly advised Class Counsel that we would be representing the Individual Defendants in connection with that matter and that we would want to submit bills to the Claim Reserve account. We then undertook that work between September and November 2009. It is our understanding that, subsequent to our clients' testimony, the dispute settled. We therefore do not expect to incur any further fees or expenses related to it.

More than $500,000 remains in the Claim Reserve account. Class Counsel have advised us that they do not object to our fees, which are approximately $40,000, being paid from this remaining amount. However, because the last extension of the Claim Reserve period lapsed on January 1, 2009, they would like any payment from the Claim Reserve account to be pursuant to an express order from this Court.

We respectfully request that the Court treat this letter as an **unopposed** motion to extend the Claim Reserve reversion date until February 8, 2010, *nunc pro tunc* December 31, 2008. We will submit our bills promptly, and the Claim Reserve escrow agent has advised that it can pay the bills immediately. After February 8, Class Counsel can disburse the remaining funds for the purposes authorized in the Stipulation of Settlement.

Should the Court wish to handle this request in another way, we would be happy to proceed in whatever manner the Court may direct.

Respectfully submitted,

Jeffrey S. Jacobson

cc: Jay Eisenhofer, Esq.
　　Michael Barry, Esq.
　　Jonathan Richman, Esq.

23120359v1